En el Tribunal Supremo de Puerto Rico

| José A. Guzmán Rosario<br>    Apelado<br><br>    V.<br><br>Departamento de Hacienda<br>    Apelante | Apelación<br><br>98TSPR148 |
|---|---|

Número del Caso: AC-97-19

Abogados del Dpto. de Hacienda: Hon. Carlos Lugo Fiol
                                     Procurador General
                                     Lcda. Rosana Márquez Valencia
                                     Procuradora General Auxiliar

Abogada del José A. Guzmán Rosario: Lcda. María M. Febus Ortiz

Agencia Administrativa: J.A.S.A.P.

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. González Román

Fecha: 11/10/1998

Materia: Revisión Administrativa

      Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


José A. Guzmán Rosario

    Apelado


  v.                             AC-97-19


Departamento de Hacienda

    Apelante


**Opinión del Tribunal emitida por el Juez Asociado Señor Hernández Denton**


San Juan, Puerto Rico, a 10 de noviembre de 1998.

Debemos resolver cuál es la disposición del Reglamento de Clasificación y Retribución Uniforme de la Oficina Central de Administración de Personal [en adelante O.C.A.P.] que regula el ajuste salarial al que tienen derecho los empleados de una agencia que implanta su primer plan de clasificación y retribución como administrador individual en asuntos de personal. En este sentido, debemos determinar si tal ajuste salarial constituye una <u>asignación</u> de clases de puestos a escalas salariales, regulada por la sección 4.7 de dicho reglamento, o si se trata de una <u>reasignación</u> de clases, en cuyo caso resulta aplicable la sección 4.8. Luego de ello, debemos determinar si el Departamento de Hacienda determinó correctamente el salario al que tenía derecho el recurrido José A. Guzmán Rosario al implantar su plan

de retribución al convertirse en un administrador individual en asuntos de personal.

I.

José A. Guzmán Rosario labora como abogado en un puesto de carrera en la Oficina de Asuntos Legales del Departamento de Hacienda. Originalmente, el Departamento de Hacienda estaba integrado a la Administración Central del Sistema de Personal del Servicio Público, por lo que le aplicaban las normas de clasificación y retribución de la O.C.A.P. Bajo este esquema el puesto de Guzmán Rosario tenía una clasificación de abogado V, con una remuneración mensual de $2,114.00.

Así las cosas, el 28 de agosto de 1991, el entonces Gobernador de Puerto Rico, Rafael Hernández Colón, promulgó y publicó la Orden Ejecutiva Número OE-1991-46, mediante la cual dispuso que el Departamento de Hacienda se convertiría gradualmente en un administrador individual en asuntos de personal.[1] Se dispuso, sin embargo, que durante el período de transición el Departamento de Hacienda continuaría rigiéndose por los planes de clasificación y retribución elaborados por la O.C.A.P.

Con efectividad del 1 de julio de 1994, el Departamento de Hacienda adoptó una estructura de clasificación y retribución propia. De acuerdo a este nuevo esquema, Guzmán Rosario recibiría un aumento mensual de $100.00, lo que aumentaría su sueldo a $2,214.00 mensuales.

El 15 de agosto de 1994, el Lcdo. Guzmán Rosario solicitó al Comité de Revisión de Planes de Clasificación y Retribución del Departamento de Hacienda que examinara su caso. En esencia, alegó que al determinar el salario al cual tenía derecho bajo el nuevo plan de retribución, la administración aplicó erróneamente la sección 4.7 del Reglamento de Clasificación y Retribución Uniforme, la cual regula la **asignación** de las clases de puestos[2] a las escalas de retribución.[3] A su juicio, la sección

---

[1] La Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. secs. 1301 et seq., confirió al Gobernador de Puerto Rico la facultad de crear o eliminar administradores individuales, excepto en el caso de los municipios, cuando estime que de esa forma se cumplirá de forma más efectiva la política pública contenida en dicho estatuto. 3 L.P.R.A. sec. 1344.

[2] La Ley de Retribución Uniforme define la clase como:

aplicable era la 4.8(6) de dicho reglamento la cual regula las **reasignaciones** de clases a escalas de sueldos superiores. De concebirse su situación como una reasignación de su clase de puesto a una escala salarial, y por ende, aplicar la sección 4.8(6) del Reglamento de Retribución Uniforme, Guzmán Rosario sería acreedor a una remuneración mayor. En este sentido, afirma que bajo las normas de retribución aplicable a reasignaciones tendría derecho a un salario mensual de $2,386.00. Véase, Apéndice, a la pág. 96.[4]

un grupo de puestos cuyos deberes, índole del trabajo, autoridad y responsabilidad sean de tal modo semejantes que puedan razonablemente denominarse con el mismo título; exigirse a sus incumbentes los mismos requisitos mínimos; utilizarse las mismas pruebas de aptitud para la selección de empleados y aplicarse la misma escala de retribución con equidad bajo condiciones de trabajo sustancialmente iguales. 3 L.P.R.A. sec. 760(j)(7).

Por su parte, el Reglamento de Retribución Uniforme de la O.C.A.P. define la clase o clases de puesto del siguiente modo:

En el servicio de carrera significará un grupo de puestos cuyos deberes, índole de trabajo, autoridad y responsabilidad sean de tal modo semejantes que pueden razonablemente denominarse con el mismo título; exigirse a los incumbentes los mismos requisitos mínimos; utilizarse las mismas pruebas de aptitud para la selección de empleados y aplicarse la misma escala de retribución con equidad bajo condiciones de trabajo sustancialmente iguales. En el servicio de confianza significará un grupo de puestos cuyos deberes, índole de trabajo, autoridad y responsabilidad sean de tal modo semejantes que puedan razonablemente denominarse con el mismo título; contener los requisitos de preparación, experiencia y de otra naturaleza, que se consideren imprescindibles para el adecuado desempeño de las funciones; y aplicarse la misma escala de retribución con equidad bajo condiciones de trabajo sustancialmente iguales. Art. 6 (7).

[3] Le Ley de Retribución define una escala de retribución como:

margen retributivo que provee un mínimo, un máximo y niveles intermedios de igual proporción para compensar las funciones inherentes a una clase de puesto. 3 L.P.R.A. sec. 760(j)(11).

Por otro lado, el Reglamento de Retribución define una escala de retribución como:

Margen retributivo que provee un tipo mínimo, uno máximo y varios niveles intermedios a fin de retribuir el nivel de trabajo que envuelve determinada clase de puestos y de igual modo retribuir en forma adecuada y progresiva la cantidad y calidad de trabajo que rindan los empleados en determinada clase de puestos. Art. 6 (12).

[4] Esta cifra se obtiene sumando el sueldo anterior, ($2,214.00) al

Luego de varios trámites procesales, el Departamento de Hacienda, a través de su entonces Secretario, se mantuvo en su posición original. Inconforme, Guzmán Rosario acudió ante la Junta de Apelaciones del Sistema de Administración de Personal, [en adelante J.A.S.A.P.]. Este foro administrativo apelativo declaró no ha lugar la solicitud de revisión. Así las cosas, Guzmán Rosario acudió ante el Tribunal de Circuito de Apelaciones, el cual revocó la decisión de J.A.S.A.P. y ordenó al Departamento de Hacienda a que determinara el sueldo al que Guzmán Rosario tenía derecho al amparo de la sección 4.8 del Reglamento de Reclasificación y Retribución Uniforme.

El Estado acudió ante nos mediante recurso de apelación. Para ello invocó el Artículo 3.002(c) de la Ley de la Judicatura de 1994, según enmendada, y la Regla 18 del Reglamento de este Tribunal, que proveen un recurso de apelación ante este Foro ante la existencia de sentencias conflictivas entre diversos circuitos regionales del Tribunal de Circuito de Apelaciones en casos civiles apelados ante ese tribunal. Ciertamente, el peticionario ha demostrado la existencia de varias decisiones de diversos paneles del Tribunal de Circuito de Apelaciones que son claramente contradictorias con la sentencia recurrida.[5] Sin embargo,

---

incremento de la clase a la cual fue asignado ($131.00) más el ajuste al tipo inmediato superior al que tendría derecho bajo la sección 4.8 del Reglamento de Retribución Uniforme ($41.00).

[5] Los casos citados y discutidos en el recurso son: Martínez v. Departamento de Transportación y Obras Públicas, KLRA9600217, Resolución de 17 de diciembre de 1996 (en donde se denegó el recurso de revisión judicial al resolver que el peticionario no tenía derecho a que su salario fuera computado al amparo de la sección 4.8(6) del Reglamento de Retribución Uniforme de la O.C.A.P. una vez el Departamento de Transportación y Obras Públicas implantó su nuevo plan de clasificación y retribución como administrador individual); y, Guerrero v. Departamento de Salud y Administración de Facilidades de Servicios de Salud (AFASS), KLRA 9700008, Resolución de 7 de marzo de 1997 (en donde el Tribunal denegó la expedición del recurso de revisión al resolver que la determinación del salario del empleado allí peticionario, al implantarse el nuevo plan de retribución como administrador individual por parte de AFASS, se regía por la sección 4.7 del Reglamento de Retribución Uniforme).

Existen otras decisiones del Tribunal de Circuito de Apelaciones que atienden la misma controversia que hoy tenemos ante nuestra consideración y que no fueron citadas por Guzmán Rosario en su recurso. En ellas, dicho foro apelativo ha resuelto de forma consecuente que el

notamos que las decisiones previas de ese foro que están en conflicto con la sentencia recurrida son resoluciones en recursos de revisiones administrativas y no sentencias "en casos civiles apelados ante ese Tribunal", según lo exige la Ley de la Judicatura. En vista de ello, no procede acoger el presente recurso como una apelación. Sin embargo, ello no es impedimento para que este Tribunal lo acoja como un recurso de certiorari al amparo del artículo 3.002 (4) de la Ley de la Judicatura. Así pues, luego de evaluar los méritos del recurso, accedimos a revisarlo.

Guzmán Rosario nunca compareció ante nos, a pesar de que le dimos término para ello. El Departamento de Hacienda compareció oportunamente. Nos plantea, en esencia, que al tratarse de su primer plan de retribución en carácter de administrador individual, la aplicación de su nuevo plan tiene el efecto de eliminar las clasificaciones de los puestos anteriores y crear nuevas clases de puestos y nuevas escalas de retribución. Afirma, así, que en el presente caso nos encontramos ante una asignación, por lo que resulta aplicable la sección 4.7 del Reglamento de Retribución.[6]

---

ajuste salarial de los empleados del Departamento de Hacienda, al implantar su nuevo plan de retribución, está regido por la sección 4.7 del Reglamento de Retribución Uniforme. Véanse, Díaz Flores v. Departamento de Hacienda, KLAA-96-00072, Resolución de 6 de agosto de 1997; Rosa Carrasquillo v. Departamento de Hacienda, KLAA-96-00103, Resolución de 23 de octubre de 1997; Villalón Cedeño y otros v. Departamento de Hacienda, KLAA-9600250, Sentencia de 23 de junio de 1997. Las peticiones de certiorari para revisar estas decisiones han sido denegadas por este Tribunal por estimar que la determinación del foro apelativo era esencialmente correcta. Véanse, Rosa Carrasquillo v. Departamento de Hacienda, Resolución de 13 de febrero de 1998; Díaz Flores v. Departamento de Hacienda, Resolución de 21 de noviembre de 1997; Villalón Cedeño v. Departamento de Hacienda, Resolución de 26 de septiembre de 1997.

El Tribunal de Circuito de Apelaciones, además, ha sido consecuente en la interpretación del Reglamento de Retribución Uniforme en casos análogos como el presente. Véanse, Mercado Vega v. Junta de Planificación de Puerto Rico, KLAA96-00258, Resolución de 22 de octubre de 1997 (certiorari denegado mediante Resolución de 13 de febrero de 1998); y Soto v. D.A.C.O., Resolución de 30 de mayo de 1997 (certiorari denegado mediante Resolución de 12 de septiembre de 1997).

[6] En el único señalamiento de error planteado ante nos, el Departamento de Hacienda expresa:

Erró el Honorable Tribunal al determinar que la Sección aplicable es la 4.8(6) del Reglamento de Retribución Uniforme

Examinemos sus planteamientos.

## II.

La Constitución del Estado Libre Asociado de Puerto Rico reconoce "el derecho de todo trabajador ... a recibir igual paga por igual trabajo". Const. de P.R. Art. II, Sec. 16. En armonía con esta expresión de nuestros constituyentes, en Puerto Rico existe una clara política pública que pretende brindar a los trabajadores del servicio público "un tratamiento equitativo y justo en la fijación de sus sueldos y demás formas de retribución". 3 L.P.R.A. sec. 760(a). De hecho, este Tribunal en el pasado ha reconocido "el alto interés público que reviste la legislación reguladora del empleo público y en especial la que reglamenta la retribución salarial de estos servidores". Aulet Lebrón v. Departamento de Servicios Sociales, Opinión y Sentencia de 28 de junio de 1991, 129 D.P.R. ___ (1991); Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990).

Los principios de retribución salarial y el esquema funcional de las agencias encargadas de implantarlos están recogidos en la "Ley de Retribución Uniforme" de 1979, 3 L.P.R.A. secs. 760 et seq. [en adelante Ley de Retribución]. Esta Ley, entre otras cosas, contiene una declaración de política pública, 3 L.P.R.A. sec. 760(a), establece las funciones de la O.C.A.P. respecto a la Administración Central y a los administradores individuales en asuntos de clasificación y retribución de los empleados, 3 L.P.R.A. sec. 760(b), y delimita la responsabilidad de los administradores individuales al elaborar sus propios planes de retribución, 3 L.P.R.A. sec. 760(d). Asimismo, delega a la O.C.A.P. la función de elaborar un reglamento para implantar las disposiciones de la ley, 3 L.P.R.A. sec. 760(b)(1), y le ordena a la O.C.A.P., en el caso de la Administración Central, y a cada autoridad nominadora, en el caso de los administradores individuales, a adoptar planes de retribución

___

cuando la aplicable es la Sección 4.7 del Reglamento toda vez que este es el Primer Plan como Administrador Individual.

conforme a dicho reglamento. 3 L.P.R.A. sec. 760(a).

Para implantar y concretizar las disposiciones de la Ley de Retribución, la O.C.A.P. aprobó en 1984 el Reglamento de Retribución Uniforme vigente. Dicho reglamento contiene disposiciones aplicables a todo el sistema de personal, lo que incluye a los administradores individuales, Art. 4 del Reglamento, y algunas que aplican exclusivamente a las agencias bajo la Administración Central, Art. 5 del Reglamento.

Al crear e implantar un nuevo plan de retribución como administrador individual en asuntos de personal, el Departamento de Hacienda quedó fuera de la jurisdicción de la O.C.A.P. en cuanto a la aplicabilidad de los planes de retribución que dicha entidad elabora para los empleados de la Administración Central. No obstante, el Departamento de Hacienda debe cumplir con las disposiciones de la Ley de Retribución Uniforme en cuanto a aquellas disposiciones aplicables a los administradores individuales, y con las disposiciones del Reglamento de Retribución Uniforme promulgado por la O.C.A.P. en cuanto a los principios y normas de retribución que deben ser observadas por los administradores individuales al elaborar sus propios planes de retribución y clasificación. Véase, Art. 4 del Reglamento.

En específico, como administrador individual, el Departamento de Hacienda viene obligado a cumplir las normas relacionadas a asignaciones de clases de puestos a escalas de sueldos, sec. 4.7 del Reglamento, y las normas relativas a la administración de salarios contenidas en la sección 4.8, la cual regula los nombramientos, ascensos, traslados, descensos, reclasificaciones de puestos, reasignaciones de clases a escalas de sueldos superiores, reingresos, entre otras.

En el caso de autos, las disposiciones en controversia son las seciones 4.7 y 4.8(6), las cuales establecen las normas que deben guiar tanto a la Administración Central como a los administradores individuales al momento de hacer asignaciones de clases o tipos de clases a escalas de retribución, y las siguientes reasignaciones, respectivamente. En específico, debemos determinar si el ajuste salarial al que tiene derecho

Guzmán Rosario, una vez, el Departamento de Hacienda implantó su plan de retribución, debe ser determinado concibiendo la implantación del nuevo plan como una asignación de clases de puestos a escalas de retribución o si debe ser considerado como una reasignación, tal y como concluyó el Tribunal de Circuito de Apelaciones.

La contención fundamental del Departamento de Hacienda consiste en que al crear su nuevo plan de retribución, éste "tuvo el efecto de eliminar las clasificaciones de los puestos anteriores y crear nuevas clases asignadas [...] a un Plan de Retribución totalmente diferente a los Planes de Clasificación y Retribución a los cuales el Departamento estaba cobijado anteriormente". Petición de certiorari, a la pág. 11 (subrayado en el original). Añade que "las escalas de retribución objeto de esta controversia, son las primeras que como Administrador Individual se establecen y para su existencia no dependen de ninguna anterior". Por ello, afirman que resulta "claro que no existe reasignación de puestos a escalas de nivel superior, sino una primera asignación de clases y posterior ubicación a escalas retributivas conforme a dicha asignación [...]". Id. a la pág. 12. Tiene razón.

III.

La sección 4.7 del Reglamento dispone:

Asignación de las clases de puestos a las Escalas de sueldos:

1. Con arreglo a las escalas de sueldos, la [O.C.A.P.] establecerá y mantendrá al día la posición relativa de las clases de puestos de los planes de clasificación para los servicios de carrera y de confianza para la Administración Central, mediante la asignación de cada clase a una escala de sueldo.
2. A su vez, cada Administrador Individual asignará las clases de puestos de ambos servicios a las escalas de sueldos correspondientes; y someterá éstas al Director de O.C.A.P. para estudio y aprobación final.
3. La asignación de las clases de puestos a las escalas salariales se guiará por el objetivo de proveer equidad en la fijación de sueldos.
4. Las reasignaciones subsiguientes que fueren necesarias se regirán por lo dispuesto en la sección 4.8(6) de este Reglamento.

Por su parte, la sección 4.8(6) se refiere a los casos de reasignaciones. Establece lo siguiente:

Reasignaciones de Clases a Escalas de Sueldos Superiores

Cuando se enmiende el Plan de Retribución por efecto de la reasignación de una clase o serie de clases a una escala de retribución superior, se concederá a los empleados afectados un aumento en sueldo que será igual al incremento que reciba la clase a la fecha de efectividad de dicha acción. Los sueldos se ajustarán al tipo inmediato superior, cuando no coincidan con uno de los tipos retributivos de la escala correspondiente. Si el sueldo resultante excede del máximo de la escala, se procederá conforme a la disposición relativa a extensión de las escalas.

El Director, en el caso de la Administración Central y cada Autoridad Nominadora, en el caso de los Administradores Individuales, podrán autorizar otros mecanismos para ajustar los sueldos, en caso de limitación presupuestaria.

El Reglamento de Retribución Uniforme no contiene una definición de lo que constituye una asignación o de lo que constituye una reasignación. La Ley de Retribución tampoco contiene una definición al respecto. Del texto de ambas disposiciones reglamentarias se infiere, sin embargo, que la diferencia fundamental entre ambas secciones consiste en que la sección 4.7 del Reglamento resulta aplicable a la determinación original que hace una entidad con relación a ubicar determinadas clases de puestos a escalas de sueldo. Se trata, así, de la determinación de las escalas retributivas que corresponderán a determinadas clases de puestos en la implantación original de un plan de clasificación o retribución.

Por su parte, la sección 4.8 del mismo reglamento, regula lo concerniente a las reasignaciones de clases a escalas de sueldo superiores. El mismo resulta aplicable cuando, luego de la asignación original, a las clases de puestos se les asigna escalas de retribución distintas, o, en las propias palabras de la sección, cuando se reasignan. Por ello, la sección 4.8 condiciona su aplicabilidad a que ocurran enmiendas al Plan de Retribución por efecto de la reasignación.

Al convertirse en administrador individual, el Departamento de Hacienda implantó un plan de clasificación y retribución autónomo. No se trató de una modificación del plan previo, ni de una reasignación de clases o tipos de clases a otras escalas salariales. Tampoco se trató de

meros aumentos de sueldo que modificaron la escala salarial anterior, ni de bonificaciones o extensiones de las escalas retributivas. Consistió de la adopción de un plan de clasificación y retribución global que sustituyó al esquema previo. Esto de por sí obliga a concebir la implantación de ese primer plan de clasificación y retribución adoptado por el Departamento de Hacienda como administrador individual como una asignación de clases de puestos a escalas de retribución.

Por otro lado, una lectura integral de la Ley de Retribución y del Reglamento reafirma lo anterior. El art. 5 de la Ley de Retribución dispone en parte que:

> Cada administrador individual establecerá planes de retribución separados para sus empleados de carrera y de confianza conforme su capacidad fiscal y en armonía con sus respectivos planes de clasificación. [...]

> Los administradores individuales someterán al Director de Personal para estudio y aprobación final, previa consulta con el Director de la Oficina de Presupuesto y Gerencia, la asignación de las clases de puesto a las escalas de sueldo y cualquier cambio o reasignación subsiguiente". 3 L.P.R.A. sec. 760(d) (énfasis suplido).

Este artículo claramente se refiere a la responsabilidad de los administradores individuales de someter a evaluación los planes de clasificación y retribución que elaboren previo a su implantación inicial. Nótese que en tal caso la Ley de Retribución se refiere a la determinación original de las escalas retributivas correspondientes a las clases de sueldo como una asignación y se refiere a los cambios o variaciones siguientes como reasignaciones. Bajo la posición sostenida por el Tribunal de Circuito de Apelaciones sólo estaríamos ante asignaciones cuando se crean nuevas agencias. Esta interpretación es contraria al esquema del Sistema del Servicio Público que claramente permite que agencias que están integradas a la Administración Central se conviertan en administradores individuales en asuntos de personal. 3 L.P.R.A. sec. 1344. Luego de esa conversión, la implantación de un nuevo plan de clasificación y retribución constituye una asignación regida por la sección 4.7 del Reglamento de Retribución Uniforme, conforme lo contempla el artículo 5 de la Ley de Retribución. Eso fue lo que ocurrió

en el presente caso, por lo que el Departamento de Hacienda actuó correctamente al realizar el ajuste salarial al cual tenía derecho Guzmán Rosario. En consecuencia, erró el Tribunal de Circuito de Apelaciones al resolver de otro modo.

Procede, por lo tanto, revocar la determinación del Tribunal de Circuito de Apelaciones en el presente caso y reinstalar la decisión emitida por el Departamento de Hacienda.

Se emitirá la Sentencia correspondiente.


                         Federico Hernández Denton
                            Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José A. Guzmán Rosario

   Apelado

      v.                              AC-97-19

Departamento de Hacienda

   Apelante

SENTENCIA

San Juan, Puerto Rico, a 10 de noviembre de 1998.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto de certiorari solicitado y se revoca la sentencia emitida en el caso de epígrafe por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan III.

Se ordena la desestimación del recurso instado por José A. Guzmán Rosario y se reinstala la determinación del Departamento de Hacienda.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo