CC-98-251                                         - 1 -

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Leida M. Santiago Declet y Nellie M. Albanesi<br>        Recurridas<br><br>        v.<br><br>Departamento de la Familia<br>        Peticionario | Certiorari<br><br>2001 TSPR 5 |
| --- | --- |

Número del Caso: CC-99-430

Fecha: 17/enero/2001

Tribunal de Circuito de Apelaciones:

                        Circuito Regional I

Juez Ponente:

                        Hon. Liana Fiol Matta

Abogada de la Parte Peticionaria:

                        Lcda. Vanessa Sánchez Mendiola

Abogada de la Parte Recurrida:

                        Lcda. Dilia Migdalis Nieves Rodríguez

Materia: Revisión Administrativa Civil

        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Leida M. Santiago Declet y
Nellie M. Albanesi

     Recurridas                    CC-99-430        Certiorari

        v.

Departamento de la Familia

     Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Hernández
Denton

San Juan, Puerto Rico, a 17 de enero de 2001.

Debemos resolver cuál es la disposición del Reglamento de Retribución Uniforme de la Oficina Central de Administración de Personal [en adelante O.C.A.P.], Reglamento Núm. 3109 de 7 de junio de 1984, que resulta aplicable cuando una agencia gubernamental, que opera como administrador individual en asuntos de personal, varía la escala salarial a la que una clase de puesto está adscrita como consecuencia de un proceso de revisión realizado con la implantación de un nuevo plan de clasificación y retribución. En este sentido, debemos resolver si, para propósitos de determinar el salario al que tiene derecho el empleado afectado

por tal cambio, dicha operación administrativa constituye una asignación según lo contempla la sección 4.7 del Reglamento de Retribución Uniforme o una reasignación cobijada por la sección 4.8 del referido reglamento.

I.

El 28 de junio de 1996, el Departamento de la Familia [en adelante "el Departamento"], actuando como administrador individual en asuntos de personal, implantó un nuevo plan de clasificación y retribución.[1] La vigencia de este plan fue retroactiva al 1 de marzo del mismo año. De conformidad con este nuevo plan, los puestos ocupados en el Departamento por Leida M. Santiago Declet y por Nellie M. Albanesi, aquí recurridas, fueron clasificados con el título de "Especialista en Trabajo Social". Dicho puesto fue asignado a la escala retributiva 19, en la cual Santiago Declet y Albanesi recibirían, respectivamente, $2,095.00 más un diferencial de $559.00, y $2,024.00 con un diferencial de $670.00.

Posteriormente, y ya transcurrido más de un año desde la implantación del nuevo plan de clasificación y retribución, el Departamento informó mediante carta a Santiago Declet y a Albanesi que un Comité Revisor había recomendado variar la clase de puesto a la que estaban adscritas a una escala salarial superior.

Luego de esta notificación, ambas empleadas presentaron por derecho propio una apelación ante la Junta de Apelaciones del Sistema de Administración de Personal, [en adelante "J.A.S.A.P."]. Alegaron que desconocían tanto la escala salarial en la cual fueron ubicadas y la nueva retribución que recibirían. Asimismo, señalaron que al implantar el nuevo plan de clasificación y retribución no se utilizaron guías objetivas y reclamaron que se tomara en consideración su peritaje y antigüedad en la agencia como criterios adicionales al momento de hacer la adscripción de su puesto a una escala salarial.

Posterior a la presentación de esta apelación, el Departamento notificó a ambas empleadas mediante carta con fecha de 9 de febrero de 1998, que su

---

[1] Los planes de clasificación y los planes de retribución son cosas distintas. Por ello, pueden ser modificados de forma independiente.

puesto estaría ubicada en la escala retributiva 23 y que recibirían un salario de $2,115.00 y un diferencial de $670.00. En vista de ello, Santiago Declet y Albanesi enmendaron su apelación con el propósito de impugnar expresamente la retribución que le fue notificada.

Así las cosas, la J.A.S.A.P. consolidó las apelaciones de las recurridas con las de otros empleados y las desestimó sin realizar vista alguna. Dicho foro estimó que tenía ante sí exclusivamente una controversia de derecho que no requería mayor argumentación de las partes. Concluyó, entre otras cosas, que las empleadas no fueron privadas de derechos adquiridos y que la antigüedad no constituía un criterio legal o reglamentario que debía ser considerado por el Departamento al establecer su nuevo plan de clasificación y retribución. Una moción de reconsideración fue declarada No Ha Lugar.

Eventualmente, ambas empleadas acudieron al Tribunal de Circuito de Apelaciones. Allí plantearon que la J.A.S.A.P. había errado "al no reconocer que la transacción notificada a las recurrentes en la comunicación del 9 de febrero de 1998 [...] constituyó una reasignación de [una] clase a una escala [salarial distinta]". En vista de ello, reclamaron la aplicación de la sección 4.8(6) del Reglamento de Retribución Uniforme y plantearon que la J.A.S.A.P. debió realizar una vista en la cual pudieran argumentar la aplicabilidad de dicha disposición reglamentaria.

Luego de varios incidentes procesales, el foro apelativo resolvió que la J.A.S.A.P. había errado, ya que resolvió que el cambio efectuado posterior a la implantación del nuevo plan de clasificación y retribución constituyó una reasignación dentro del alcance de la sección 4.8(6) del Reglamento de Retribución Uniforme. En vista de ello, revocó la decisión de la J.A.S.A.P. y devolvió el caso a dicha entidad para que realizara una vista evidenciaria en donde las partes pudieran "sostener sus alegaciones en cuanto a la violación de estas normas reglamentarias". Instruyó a la J.A.S.A.P., a su vez, a que realizara los trámites requeridos para determinar el salario que ambas empleadas devengarían.

Ante esta determinación, el Departamento acudió ante nos mediante recurso de certiorari. Plantea la comisión de tres errores, los cuales en esencia requieren que resolvamos si el trámite de personal realizado por el Departamento y que fue notificado a Santiago Declet y a Albanesi posterior a la implantación del plan de clasificación y retribución, constituyó una reasignación de un tipo de puesto a una escala salarial superior dentro del alcance de la sección 4.8(6) del Reglamento de Retribución Uniforme, y que si, conforme a ello, la J.A.S.A.P. debe realizar una vista evidenciaria.

Evaluados los señalamientos del Departamento, accedimos a revisar la sentencia emitida por el Tribunal de Circuito de Apelaciones. Eventualmente, Santiago Declet y Albanesi comparecieron a través de su representación legal. Resolvemos.

II.

A.

El Reglamento de Retribución Uniforme promulgado por la O.C.A.P. prescribe en sus secciones 4.7 y 4.8, respectivamente, las normas que regulan las asignaciones de las clases de puestos a las escalas salariales y las que regulan las reasignaciones de una clase de puesto a una escala salarial superior.[2]

---

[2] La Sección 4.7 dispone:

Asignación de las clases de puestos a las Escalas de sueldos:

1. Con arreglo a las escalas de sueldos, la [O.C.A.P.] establecerá y mantendrá al día la posición relativa de la clases de puestos de los planes de clasificación para los servicios de carrera y de confianza para la Administración Central mediante la asignación de cada clase a una escala de sueldo.
2. A su vez, cada Administrador Individual asignará las clases de puestos de ambos servicios a las escalas de sueldos correspondientes; y sometería éstas al Director de O.C.A.P para estudio y aprobación final.
3. La asignación de las clases de puestos a las escalas salariales se guiará por el objetivo de proveer equidad en la fijación de sueldos.
4. Las reasignaciones subsiguientes que fueren necesarias se regirán por lo dispuesto en la sección 4.8(6) de este Reglamento.

Por su parte, la sección 4.8(6) al regular las reasignaciones dispone lo siguiente:

Cuando se enmiende el Plan de Retribución por efecto de la resignación de una clase o serie de clases a una escala de

Recientemente, en <u>Guzmán Rosario</u> v. <u>Departamento de Hacienda</u>, res. 10 de noviembre de 1998, 98 TSPR 148, 147 D.P.R.__ (1998), destacamos que la sección 4.7 del Reglamento de Retribución Uniforme,

> resulta aplicable a la determinación original que hace una entidad con relación a ubicar determinadas clases de puestos a escalas de sueldo. Se trata así, de la determinación de las escalas retributivas que corresponderán a determinadas clases de puestos en la implantación original de un plan de clasificación y retribución.

En <u>Guzmán Rosario</u>, supra, destacamos, además, que la sección 4.8 aplica "cuando, luego de la asignación original, a las clases de puestos se les asigna escalas de retribución distintas".

Tiempo después en <u>Nigaglioni Magnucci</u> v. <u>AFFAS</u>, res. 22 de septiembre de 1999, 99 TSPR 142; 149 D.P.R.__ (1999), ampliamos nuestros pronunciamientos y aclaramos que "la sección 4.8 establece la fórmula mediante la cual se calculará el salario de los empleados afectados por una enmienda al plan de retribución". Añadimos en esa ocasión que su aplicabilidad está condicionada a que,

> se ubique a una clase o serie de clases en una escala superior. En tal caso, la operación administrativa consiste en mover a una clasificación o grupos de clasificaciones de puestos a una escala más alta. [...] [E]n tal caso, el plan de retribución no sufre necesariamente cambios en cuanto al salario contemplado en cada escala. Lo que ocurre [...] es un movimiento vertical de una serie de puestos sin alterar la cuantía contemplada en cada escala.

En el presente caso, la contención fundamental del Departamento consiste en que la notificación del cambio de la escala salarial a la que estaban adscritas las recurridas, Santiago Declet y Albanesi, a una escala salarial superior, efectuada luego de la asignación original, fue resultado de un proceso de revisión realizado al plan de clasificación y retribución al éste ser implantado. De este modo, sostiene, que la transacción

---

> retribución superior, se concederá a los empleados afectados u aumento en sueldo que será igual al incremento que reciba la clase [en] la fecha de efectividad de dicha acción. Los sueldo se ajustarán al tipo inmediato superior, cuando no incidan con uno de los tipos retributivos de la escala correspondiente. Si el sueldo resultante excede del máximo de la escala, se procederá conforme a la disposición relativa a extensión de las escalas.
> El Director , en el caso de la Administración Central y cada autoridad Nominadora, en el caso de los Administradores Individuales, podrán autorizar otros

administrativa efectuada luego de la implantación del nuevo plan constituyó una corrección de una asignación original errónea, lo que a su juicio, excluye la aplicación de la sección 4.8 del Reglamento de Retribución Uniforme. Añade que prueba de ello lo constituye el hecho de que el cambio se hizo retroactivo a la fecha de la implantación original del plan de clasificación y retribución.

B.

De entrada, es preciso destacar que la reasignación de una clase de puestos a una escala retributiva, y por consiguiente la aplicabilidad de la sección 4.8 del Reglamento de Retribución Uniforme, supone la existencia de un plan de clasificación y retribución vigente. Sólo es posible reasignar una clase de puesto a una escala retributiva si el patrono ha realizado previamente una asignación como consecuencia de la implantación original de un plan de clasificación y retribución.

Ahora bien, la posibilidad de que ocurra una reasignación de una clase de puestos a una escala salarial superior supone, además, que hayan finalizado todos los trámites administrativos relacionados con la implantación original del plan de clasificación y retribución, al menos en lo que concierne a la clase de puestos en la cual se alega que ha ocurrido una reasignación. Nos explicamos.

La implantación de un nuevo plan de clasificación o retribución de ordinario conlleva cambios en los títulos o clasificación de los puestos y en los salarios de los empleados. Estos cambios deben ser consecuentes con la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979, 3 L.P.R.A. secs. 760 et seq., y la reglamentación promulgada por la OCAP. Nigaglioni Mignucci v. AFFAS, supra. En este sentido, para rectificar posibles errores, al implantar un nuevo plan de clasificación y retribución, los administradores individuales en asuntos de personal de ordinario realizan una revisión de todo el esquema laboral implantado. Como parte de ese proceso de revisión, proveen un período de tiempo razonable a los empleados afectados para que cuestionen los aspectos del plan que estimen que les son adversos. Ese proceso permite

_____

mecanismos para ajustar los sueldos, en caso de limitación presupuestaria.

a las agencias detectar y rectificar errores cometidos durante el proceso de elaboración del nuevo plan.

Los cambios realizados como resultado de este proceso que involucran una alteración de la adscripción de una clase de puesto a una escala salarial superior, no constituyen una reasignación dentro de los parámetros de la sección 4.8 del Reglamento de Retribución Uniforme. Constituyen una asignación regulada por la sección 4.7 de dicho reglamento, ya que lo que ocurre es una rectificación de un error cometido en la implantación original que, por ello, se retrotrae a la fecha de la implantación del plan.

Las razones que apoyan esta posición son diversas. Por un lado, es sabido que "un error administrativo no crea un estado de derecho que obligue a [una] agencia ni impide su corrección". Magriz Rodríguez v. Empresas Nativas, Inc., res. 12 de mayo de 1997, 143 D.P.R.__ (1997). Así, en relación a los planes de clasificación o de retribución, un empleado no puede ampararse en un error administrativo para reclamar la aplicación de una disposición reglamentaria que le resulte más ventajosa.

Por otro lado, adoptar la posición de Santiago Declet y Albanesi desalentaría la rectificación de errores a iniciativa de los administradores individuales en el contexto de la implantación de un nuevo plan de clasificación o retribución. Ello por razón de que una operación correctiva de este tipo, al estar regida por la sección 4.8 del Reglamento de Retribución, --como sugieren las recurridas-- tendría un impacto fiscal significativo. Tal situación, per se, desalentaría cualquier gestión de personal encaminada a corregir errores en la remuneración asignada para distintas categorías de clases de puestos, en perjuicio de todo el sistema de personal de la agencia en cuestión.

Finalmente, debemos destacar que las correcciones de los errores en los planes de clasificación y retribución, de ordinario, ocurren como consecuencia de las impugnaciones que los propios empleados realizan al ser implantado un plan de clasificación o retribución. El efecto de una corrección efectuada en algún aspecto del plan luego de una impugnación se hace extensiva, en los mismos términos, a todos los empleados ubicados en la misma situación que la de aquel que prevaleció en su impugnación. En este sentido, se

benefician del cambio, tanto los empleados que impugnan ante los foros apropiados su nueva clasificación o retribución, como aquellos ubicados en similar situación que no han cuestionado su nueva situación laboral bajo el plan implantado. De este modo se reconoce en términos prácticos el derecho constitucional de todo trabajador de "recibir igual paga por igual trabajo". Const. de P.R., Art. II, sec. 16.

En este contexto, la rectificación de un error realizada por la agencia efectuada luego de que un empleado impugna su situación laboral bajo un nuevo plan de clasificación o retribución, de ordinario, se hace retroactiva a la fecha de implantación del nuevo plan, ya que se concibe como parte de la asignación original. De igual forma, la corrección efectuada en el contexto de los demás empleados ubicados en el mismo puesto que no impugnaron su situación laboral, debe retrotraerse a la fecha de la implantación del plan y concebirse como parte de la asignación original. No existe justificación alguna para dar un trato diferente a uno u otro caso.

Debe advertirse que no estamos expresando que toda alteración cuya vigencia se retrotraiga a la fecha de la implantación original del plan de clasificación o de retribución constituye una asignación. Sólo resolvemos que las variaciones o cambios realizados por los administradores individuales en asuntos de personal en las adscripciones de una clase de puesto a una escala salarial determinada, que ocurran como consecuencia de un proceso de revisión realizado simultáneamente o como parte de la implantación de un nuevo plan de clasificación o de retribución, están regidos por la sección 4.7 del Reglamento de Retribución Uniforme que regula las asignaciones. Se trata, en tal caso, de una gestión administrativa que completa la implantación original del plan de clasificación y retribución, por lo que efectividad debe ser retroactiva a la fecha de la implantación original.

Aclarado el alcance de la sección 4.7 del Reglamento de Retribución Uniforme, atendamos los hechos que presenta el caso de autos.

III.

Al implantar su nuevo plan de clasificación y retribución en 1996, el Departamento de la Familia notificó a sus empleados el título de la clasificación del puesto que ocuparían bajo el nuevo plan y la retribución

que recibirían conforme al esquema retributivo recién implantado. En estas cartas, además, se informó a los empleados que tenían derecho a solicitar revisión de su nueva situación laboral ante un "Comité Revisor", creado con el objetivo de atender este tipo de reclamo de los empleados. Este Comité consideró los planteamientos de los empleados que cuestionaron la nueva clasificación de sus puestos o su retribución y reevaluó la documentación recopilada al respecto durante la elaboración del plan implantado en 1996. Si en ese proceso surgía evidencia de que se cometió algún error al clasificar los puestos o al ubicar un puesto en determinada escala salarial, el Comité formulaba recomendaciones que eventualmente eran referidas a la O.C.A.P. para evaluación y aprobación final.

En el caso de autos, el cambio que sufrió la clasificación de puestos a la que pertenecían las recurridas y que les fue notificado luego de la implantación original del plan, fue resultado de una revisión realizada por el "Comité Revisor" del Departamento a instancias de empleados de la agencia.[3] En este sentido, luego de la determinación de que se cometió un error en la adscripción de la clase de puesto "Especialista en Trabajo Social" a la escala retributiva 19, el Departamento envió a las aquí recurridas una comunicación identificada como "Determinación Final". En ella les expresó que, como consecuencia de un proceso de revisión de la implantación del plan de clasificación y retribución, se reubicó su puesto en la escala retributiva número 23. Asimismo, se les informó sobre su derecho a apelar esta nueva determinación ante la J.A.S.A.P.

El Departamento explica este proceso en los siguientes términos:

---

[3] No hay evidencia en los autos del caso, sin embargo, que sostenga que la revisión de la retribución asignada al puesto de "Especialista en Trabajo Social" fuera realizada a instancias de las recurridas. Por el contrario, una lectura de los anejos del alegato tiende a indicar que éstas nunca solicitaron revisión de la notificación original del Departamento, y que no fue sino hasta que recibieron la notificación final, realizada luego de que el Comité Revisor determinara variar la escala retributiva a la cual su clase de puesto fue adscrita originalmente, que presentan una solicitud de apelación ante la JASAP. En este sentido, la documentación que obra en autos sugiere que la modificación de la escala salarial del puesto de "Especialista en Trabajo Social" fue realizada luego de que otros empleados de la agencia ubicados en similar situación que las recurridas impugnaran oportunamente su nueva situación laboral ante el Comité Revisor.

Dicha "Revisión" a la que se refiere la comunicación fue resultado de los planteamientos de los empleados recurrentes ante el Comité Revisor, los formularios de descripción de puestos y las especificaciones de clase.

Realmente lo que sucedió fue que se asignó erróneamente la clase de Especialista en Trabajo Social a la escala 19 toda vez que no se ponderó adecuadamente el nivel de responsabilidad y complejidad de la clase. El Departamento peticionario en aquel entonces, solicitó la aprobación de OCAP, para corregir el error y asignar la clase a la escala retributiva correcta, la cual es la número 23.

Es por ello que la alegada primera asignación fue resultado de un error administrativo en los atributos de la clase lo que conllevó que se afectara la asignación de la clase a la escala retributiva incorrecta [...]. Petición de Certiorari, en las págs. 8 y 9.

Conforme a la discusión precedente, la operación realizada por el Departamento de la Familia en relación a las recurridas Santiago Declet y Albanesi constituye una asignación cobijada por la sección 4.7 del Reglamento de Retribución. Tratándose de la corrección de un error en la adscripción de una clase de puesto a una escala retributiva, originada como consecuencia de la revisión realizada al implantarse el nuevo plan de clasificación, nos encontramos ante una asignación de clase de puesto a una escala retributiva. La advertencia del error, y su posterior rectificación según lo autorizó la O.C.A.P., no fue sino parte integral de la implantación original del plan de clasificación y retribución. En vista de ello, es forzoso concluir que el trámite administrativo realizado por el Departamento en calidad de administrador individual en asuntos de personal fue parte de la asignación realizada originalmente, y como tal, está regida por la sección 4.7 del Reglamento de Retribución.

En vista del resultado al cual llegamos, es innecesario pronunciarse en torno a si Santiago Declet y Albanesi tienen derecho a una vista evidenciaria. Procede revocar la sentencia recurrida y reinstalar la decisión de J.A.S.A.P. la que, a su vez, desestimó las apelaciones de las recurridas.

Se emitirá la correspondiente sentencia.

Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Leida M. Santiago Declet y
Nellie M. Albanesi

    Recurridas

        v.

Departamento de la Familia

    Peticionario

CC-99-430        Certiorari

SENTENCIA

San Juan, Puerto Rico, a 17 de enero de 2001.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente Sentencia, y habiendo sido expedido previamente el auto de certiorari, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, en el caso KLRA9800521, Leida M. Santiago Declet y Nellie M. Albanesi v. Departamento de la Familia. En su lugar se reinstala la decisión emitida por la Junta de Apelaciones del Sistema de Personal mediante la cual desestimó la apelación de los recurridos de epígrafe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez disienten sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo