Coll Martí, Jueza Ponente
*710 TEXTO COMPLETO DE LA SENTENCIA
Ante este Foro comparece el Sr. Elliot E. Díaz Rivera solicitando revisión judicial de una Resolución emitida por la Junta de Apelaciones para Empleados Gerenciales de la Corporación del Fondo de Seguro de Estado, en adelante la Junta, en la cual se declaró No Ha Lugar una solicitud de ajuste de salario.
Por los fundamentos que se discuten a continuación, SE CONFIRMA la Resolución de la que se recurre.
I
El Sr. Eliot E. Díaz Rivera, en adelante el querellante-apelante, se desempeñó en la Corporación del Fondo del Seguro de Estado, en adelante C.F.S.E., desde el 12 de noviembre de 1996 cuando comenzó en un puesto transitorio como Oficial Administrativo en el que devengaba un salario mensual de $1,212.00. Para el 1 de agosto de 1997, el querellante-apelante fue nombrado Ayudante Especial I, posición adscrita al Servicio de Confianza con un salario de $1,825.00 mensuales.
El 1 de julio de 1998, el querellante-apelante recibió un aumento de salario por orden administrativa consistente en $125.00, por lo que su salario pasó a ser $1,950.00 mensuales. El 1 de noviembre de 1998, el Administrador de la C.F.S.E. concedió un aumento de $850.00 mensuales, es decir, su salario ascendió a $2,800.00 mensuales. El 1 de julio de 1999 se le concedió al querellante-apelante un aumento de 2 pasos por méritos por lo que su salario pasó a ser $3,287.00 mensuales.
El 30 de junio de 2000, el querellante-apelante fue nombrado mediante convocatoria en un puesto gerencial de carrera como Oficial Ejecutivo Y con estatus probatorio de ocho (8) meses. Al ser nombrado Oficial Ejecutivo V se le asignó el salario máximo establecido en la escala de retribución para el puesto, $2,948.00 mensuales.
Para el mes de marzo de 2001, se implantó un nuevo Plan de Clasificación y Retribución para el Personal de Confianza, en adelante el Plan. Este Plan tenía efectividad retroactiva al 1 de julio de 1999 y asigna al puesto de confianza de Ayudante Especial I un salario más alto del que devengaba el querellante-apelante cuando se desempeñaba en dicha posición.
El querellante-apelante recibió, retroactivo al 1999, el aumento de salario que le correspondía como empleado de confianza, recibiendo un aumento basado en la diferencia entre los salarios básicos de la clase Ayudante Especial I del Nuevo Plan de retribución y el de vigencia anterior. El apelante no retuvo ninguno de los aumentos obtenidos como empleado de confianza una vez fue seleccionado para el puesto de carrera de Oficial Ejecutivo V. Luego de la implantación del Plan, el salario del querellante-apelante pasó a ser $3,624.00.
La Oficina de Nombramientos y Cambios, en el proceso de rehacer los informes, gestionó, por error, el nombramiento del querellante-apelante por convocatoria bajo el procedimiento de reinstalación asignándole un' salario de $3,281.00.
Una vez que la Oficina de Nombramientos y Cambios detectó que el procedimiento de reinstalación utilizado no era el correcto, procedió a enmendar el informe de cambio y le asignó un salario de $2,948.00 al querellante-apelante, tipo máximo en la escala de retribución para su nueva posición de Oficial Ejecutivo V, gerencial de camera. Con posterioridad a este ajuste de salario, el querellante-apelante recibió otros aumentos de manera que para la fecha del 1 de julio de 2002 su salario era de $3,512.00.
El querellante-apelante presentó una reclamación ante la Junta en la que solicitó ajuste de salario a raíz de la implantación de la Octava Asignación de Clases para el Personal gerencial de la C.F.S.E. Alegó, además, que: (1) con el cambio de administración ha sufrido seis variaciones en su salario, (2) no ha recibido el salario que le corresponde, y (3) y nunca se la ha explicado por escrito las razones para estos cambios.
*711 La Junta determinó que al momento en que se adoptó la nueva estructura salarial, el 1 de julio de 1999, el querellante-apelante ocupaba un puesto de confianza y se le concedió el aumento correspondiente basado en la diferencia entre los salarios básicos de la clase de Ayudante Especial I. Además, la Junta determinó que debido a que la nueva estructura salarial de los empleados gerenciales y los de confianza eran efectivos al mismo día, al querellante-apelante no le correspondían dos aumentos.
El 30 de mayo de 2006, el querellante-apelante solicitó reconsideración ante la Junta. La Junta declaró No Ha Lugar la solicitud de reconsideración. Inconforme con las determinaciones hechas por la Junta, el querellante-apelante recurre a este foro solicitando revisión judicial y hace los siguientes señalamientos de error:

“(1) Erró la Junta al violentar el Debido Proceso de Ley del querellante-apelante por:

A- No permitir re-grabar los procedimientos ni se suministró copia de la transcripción de las Vistas en violación al Reglamento de la Junta de Apelaciones.

B- No haberse permitido terminar con el desfile de prueba en contravención de lo dispuesto en la Ley de Procedimiento Administrativo Uniforme, el Reglamento de Personal de la Corporación del Fondo del Seguro de Estado y el Reglamento de la Junta de Apelaciones.

(2) Erró la Junta al sostener la decisión contra del querellante-apelante cuando sabía o debía haber sabido que la C.F.S.E. implantó un Plan de Retribución sin tener un reglamento aprobado para ello en violación de su propio Reglamento de Personal.

(3) Erró la Junta, toda vez que en el caso del querellante-apelante se implantó de manera errónea, selectiva y distinta del resto de los Empleados de la Corporación.

(4) Erró la Junta en la Apreciación de la Prueba. ”

Con la comparecencia de la Corporación del Fondo del Seguro del Estado en su escrito de oposición, estamos en posición para resolver. Exponemos.
II
Debido Proceso de Lev
La sección 7 del Artículo II de la Constitución de Puerto Rico dispone que "ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley." Esta tiene su contraparte en las Enmiendas V y XIV de la Constitución de Estados Unidos.
En el ámbito del derecho administrativo, aunque el debido proceso de ley no tiene la rigidez que se le reconoce en la esfera penal, sí se requiere un proceso justo y equitativo que respete la dignidad de los individuos afectados. López y Otros v. Asoc. de Taxis de Cayey, 142 D.P.R. 98 (1996). Por ello, se requiere que en toda acción administrativa que se intervenga con la libertad o propiedad, se le de riguroso cumplimiento al debido proceso de ley. El debido proceso de ley cuenta con dos vertientes: la sustantiva y la procesal. Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562 (1992).
Bajo el debido proceso de ley sustantivo, los tribunales examinan la validez de una ley a la luz de los preceptos constitucionales pertinentes, ello con el fin de proteger Jos. derechos, fundamentales de las .personas.. Rivera Rodríguez & Co. v. Lee Stowell Taylor, 133 D.P.R. 881 (1993). Mientras, que su vertiente procesal tomaen cuenta las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle sus derechos *712 de libertad o propiedad. Esto requiere que se demuestre un interés individual y particular afectado. Una vez cumplida esa exigencia, hay que determinar cuál es el procedimiento de ley exigido. Rivera Santiago v. Secretario de Hacienda, 119 D.P.R. 265 (1987).
De conformidad con la LPAU, en un procedimiento cuasi adjudicativo la agencia debe salvaguardar a las partes: el derecho a la notificación oportuna de los cargos o querellas o reclamos en contra de una parte; el derecho a presentar evidencia; el derecho a una adjudicación imparcial y el derecho a que la decisión esté basada en el expediente. Ramírez Ferrer v. Policía de Puerto Rico, 2003 JTS 3.
Todo análisis de debido proceso de ley debe de comenzar examinando el derecho de propiedad o libertad que se encuentra en controversia. Partido Acción Civil v. ELA, 150 D.P.R. 359 (2000). De no identificarse ese derecho ciudadano- libertad, vida o propiedad-, el Estado no está obligado a conceder un debido proceso de ley. Board of Regent v. Roth, 408 US 565 (1972). (Traducción nuestra). Cuando no existe un derecho constitucional protegido, el proceso que la agencia deberá cumplir es el estatutario, de existir. Las Monjas Racing v. Comisión Hípica, 67 D.P.R. 45 (1947).
Los errores administrativos no crean derechos de propiedad que activen la protección del debido proceso de ley. González Fuentes v. ELA, 2006 JTS 53. Como es sabido, “un error administrativo no crea un estado de derecho que obligue a [una] agencia ni impide su corrección”. Magriz Rodríguez v. Empresas Nativas, Inc., 143 D.P.R. 63 (1997). Una parte no puede pretender ampararse en una actuación administrativa incorrecta o ilegal. González Fuentes v. E.L.A., 2006 JTS 53, 167 D.P.R. _.
Planes de Clasificación y Retribución
La implantación de un nuevo plan de clasificación o retribución, de ordinario, conlleva cambios en los títulos o clasificación de los puestos y en los salarios de los empleados. Estos cambios debían ser consecuentes con la entonces vigente Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979, 3 L.P.R.A. sees. 760 etseq.
En este sentido, para rectificar posibles errores, al implantar un nuevo plan de clasificación y retribución, los administradores individuales en asuntos de personal, de ordinario, realizaban una revisión de todo el esquema laboral implantado. Como parte de ese proceso de revisión, proveen un período de tiempo razonable a los empleados afectados para que cuestionen los aspectos del plan que estimen que les son adversos. Ese proceso permite a las agencias detectar y rectificar errores cometidos durante el proceso de elaboración del nuevo plan. Santiago v. Departamento de Familia, 153 D.P.R. 208, 218 (2001).
En el caso antes citado, el Tribunal Supremo expresó que:

“[l]os cambios realizados como resultado de este proceso que involucran una alteración de la adscripción de una clase de puesto a una escala salarial superior, no constituyen una reasignación dentro de los parámetros de la sección 4.8 del Reglamento de Retribución Uniforme. Constituyen una asignación regulada por la sección 4.7 de dicho reglamento, ya que lo que ocurre es una rectificación de un error cometido en la implantación original que, por ello, se retrotrae a la fecha de la implantación del plan. ”

El Artículo 5.9 del Reglamento de Personal para Empleados Gerenciales de la C.F.S.E., en adelante el Reglamento, dispone en cuanto a la retribución que “[l]a paga a los empleados guardará proporción cjon' la complejidad y calidad de los servicios que presten y las normas retributivas existentes”. (Enfasis nuestro.) El Artículo 12. 1 del Reglamento establece que el Plan de Retribución contendrá entre sus partes lo siguiente:

“(1) La Estructura Salarial con las escalas de retribución que sean necesarias, las cuales tendrán un tipo 
*713
mínimo, tipos intermedios y un tipo máximo de retribución.

(2) La asignación de clases a las escalas de retribución corresportdiente.

(3) Las reglas para la implantación, administración y el mantenimiento del plan. ”

La Ley de Procedimiento Administrativo Uniforme define como regla o reglamento como cualquier “norma o conjunto de normas de una agencia que sea de aplicación general que ejecute o interprete la política pública o la ley o que regule los requisitos o prácticas de las agencias”. 3 L.P.R.A. 2102.
Apreciación de la Prueba
La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. 2175, establece el alcance de la revisión judicial de una decisión administrativa. Se circunscribe a lo siguiente:

“El tribunal podrá conceder el remedio apropiado si determina que el peticionario tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.”

Reiteradamente, el Tribunal Supremo de Puerto Rico ha resuelto que las decisiones de los organismos administrativos merecen la mayor deferencia judicial. Esta deferencia se debe a que son ellas las que cuentan con el conocimiento experto y con la experiencia especializada de los asuntos que les son encomendados. Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., 2004 J.T.S. 4, 161 D.P.R. _ (2004).
Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra. Utilizando un criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo, “si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad.” Domínguez Talavera v. Caguas Expressway Motors, Inc., 148 D.P.R. 387 (1999).
Como se ha definido en diversas ocasiones, evidencia sustancial es “aquella evidencia relevante que una "menté razonable podría aceptar como adecuada para sostener una conclusión”. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953). Dado a que las determinaciones del foro administrativo tienen que basarse en evidencia sustancial, la parte que las impugne tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial. Misión Ind. P.R. v. J.P., 146 D.P.R. 64 (1998).
Debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra.
Si la parte afectada, en la solicitud de revisión, no demuestra la existencia de esa otra prueba que sostiene que la actuación de la agencia no está basada en evidencia sustancial o que reduzca el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hechos y no deberá sustituir el criterio de la agencia por el suyo. Ramírez v. Departamento de Salud, 147 D.P.R. 901 (1999).
Las determinaciones de hechos de organismos y agencias “tienen a su favor una presunción de regularidad *714 y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas”. Henríquez v. Consejo Educación Superior, 120 D.P.R. 194 (1987).
Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa, cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial, (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. T-JAC, Inc. v. Caguas Centrum Limited, 148 D.P.R. 70 (1999).
Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. “La cuestión es si la determinación de la agencia es razonable y no si la agencia logró la determinación correcta del hecho o los hechos.” Demetrio Fernández Quiñones, Derecho Administrativo-y Ley de Procedimiento'Administrativo Uniforme, 2da. Ed.,Forum, 2001, pág. 543.
III
El querellante-apelante señala que erró la Junta, toda vez que en su caso se implantó el Plan de Clasificación y Retribución de manera errónea, selectiva y distinta del resto de los Empleados de la Corporación. Sin embargo, en su discusión del señalamiento de error se limita a argumentar que el salario asignado al querellante-apelante había sido autorizado por la autoridad nominadora y que a todos los demás empleados de la C.F.S.E. se les había tratado como si se tratase de una re-asignación cuando se implantaron las.. Nuevas Escalas Retributivas.
Es importante destacar que corresponde a la parte que recurre poner en posición al tribunal apelativo de poder revisar su caso. Seashore Realty, Etc. Co. v. Junta, 75 D.P.R. 142 (1953). Cuando la revisión de un caso se da solamente sobre cuestiones de derecho y no se eleva la prueba en el mismo, el tribunal apelativo no está en condiciones de poder concluir si esa prueba se aquilató o no arbitrariamente ni, en su consecuencia, de resolver errores señalados que se dirigen a la apreciación de la misma. Acosta v. Junta de Planificación, 71 D.P. R. 578 (1950).
El querellante-apelante no ha presentado las circunstancias específicas de los empleados que alegadamente fueron tratados de manera distinta que al querellante-apelante al implantarse el Plan. Para este tribunal poder estar en posición para atender el señalamiento de trato desigual de alguno de los empleados de la C.F.S.E. al implantar las Nuevas Escalas Retributivas era necesario que se incluyera junto al recurso, al menos, los nombres de los empleados, los puestos que ostentaban para la fecha del 1 de julio de 1999 y evidencia de que sus casos se trataron como una re-asignación al implantar el Plan. En ausencia de evidencia pertinente e indispensable a estos efectos, no nos encontramos en posición para atender este señalamiento de error.
El querellante-apelante plantea que erró la Junta al sostener la decisión en contra del querellante-apelante cuando sabía o debía haber sabido que la C.F.S.E. implantó un Plan de Retribución sin tener un reglamento aprobado para ello en violación de su propio Reglamento de Personal. No le asiste la razón.
La C.F.S.E. creó el Plan en el que se encuentran las diferentes clases de puestos con sus correspondientes escalas de retribución incluyendo los tipos mínimos, intermedios y máximos. En el año 1996, la C.F.S.E. y la Asociación de Empleados Gerenciales llegaron a un acuerdo por estipulación para poner fin a una demanda interpuesta por la Asociación de Empleados Gerenciales. En dicha estipulación se acordó que los Planes de Clasificación y Retribución que se aprobaran a partir del 25 de enero de 1996 se regirían por la política de Reclasificación de Puestos por Norma y el Procedimiento Ordinario. Véase, Anejo 52, pág. 499.
El 11 de marzo de 1996 se llevó acabo una reunión del Comité de Orientación del Proyecto de Estipulación con el propósito de aclarar varios aspectos relacionados a la implantación de la estipulación. A través de la *715 estipulación, la C.F.S.E. adoptó un conjunto de normas de aplicación general para implantación de Planes de Clasificación y Retribución. La C.F.S.E. cumplió con todos y cada uno de los requisitos que impone el Artículo 12. 1 del Reglamento de Personal de la C.F.S.E. para la creación de un plan de retribución. Actuó correctamente la Junta al sostener la decisión en contra del querellante-apelante.
Plantea el querellante-apelante que erró la Junta en la Apreciación de la Prueba. Tampoco le asiste la razón.
Corresponde a la paite afectada demostrar la existencia de otra prueba que sostiene que la actuación de la agencia no está basada en evidencia sustancial o que reduzca el valor de la evidencia impugnada; de lo contrario, el tribunal respetará las determinaciones de hechos y no sustituirá el criterio de la agencia por el suyo.
En el caso de marras, el querellante-apelante no ha presentado prueba que a nuestro juicio, reduzca el valor de la evidencia que entendió probada la Junta. Las determinaciones de hechos realizadas por la Junta fueron razonables y encuentran apoyo en los testimonios de las partes y peritos que testificaron ante ésta. En reconocimiento de la deferencia que merecen las agencias administrativas en sus determinaciones de hechos, concluimos que la Junta no erró en la apreciación de la prueba.
Alega el querellante-apelante que erró la Junta al violentar su derecho a un Debido Proceso de Ley.- Como • previamente hemos discutido, la Constitución de Puerto Rico reconoce a los ciudadanos el derecho a que se cumpla con el Debido Proceso de Ley, siempre que se pueda ver afectado algún interés de propiedad o libertad por alguna acción del Estado. Por lo tanto, antes de analizar si se ha cumplido con el Debido Proceso de Ley, es necesario evaluar si existe algún interés propietario o de libertad que proteger; de lo contrario, el Estado no estaría obligado a proveer un Debido Proceso de Ley.
En el caso de autos, el querellante-apelante obtuvo por error un aumento de salario que no le correspondía, toda vez que el puesto que ostentaba para el 1 de julio de 1999, era de confianza y no de carrera. La Junta cometió el error de tramitar el ajuste de salario a través de un procedimiento de re-asignación al implantar el plan, cuando debió de haber seguido un proceso de nombramiento probatorio. Al percatarse del error, la C.F.S. E. tomó las medidas correspondientes para que ese error fuese enmendado. El Tribunal Supremo de Puerto Rico ha determinado que los errores cometidos por agencias administrativas no crean estados de derecho o intereses propietarios a quienes se benefician de éstos.
Al no existir un interés propietario o de libertad en controversia, el Estado no tenía la obligación de asegurar un Debido Proceso de Ley. No se cometió el error señalado.
IV
Por los fundamentos expresados anteriormente, CONFIRMAMOS la Resolución de la Junta de Apelaciones para Empleados Gerenciales de la Corporación del Fondo de Seguro de Estado.
Lo acuerda y manda este Tribunal y lo certifica la Secretaria.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones