ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARLOS M. FIGUEROA NIEVES<br><br>Recurrente<br><br>V.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurrido | KLRA202400395 | Revisión Administrativa procedente de la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado<br><br>Caso Núm.: JA-07-23 (B)<br><br>Sobre:<br>Cobro Ilegal;<br>Pasos por Mérito;<br>Debido Proceso de Ley |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de octubre de 2024.

Comparece Carlos M. Figueroa Nieves, en adelante el señor Figueroa o el recurrente, y nos solicita que revoquemos la *Resolución Sumaria* que emitió la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado, en adelante Junta o recurrida, el 24 de mayo de 2024.[1] Mediante dicha *Resolución Sumaria*, la Junta decretó No Ha Lugar la *Solicitud de Sentencia Sumaria* que presentó el señor Figueroa y, en consecuencia, desestimó la apelación presentada por este ante el organismo apelativo, en virtud del Artículo 23 del Reglamento de la Junta de Apelaciones de Empleados Gerenciales.

Examinado el *Recurso de Revisión Administrativa* presentado por el recurrente, le concedimos a la

---

[1] La *Resolución Sumaria* fue registrada, archivada y notificada el mismo día, 24 de mayo de 2024.

Número Identificador

SEN2024_____

Corporación del Fondo del Seguro del Estado, en adelante CFSE o la recurrida, un término de 30 días para que presentara su alegato en oposición y una copia certificada del expediente administrativo del caso número JA-07-23 (B).

En cumplimiento con lo ordenado, la recurrida presentó su escrito en oposición y la copia certificada del expediente administrativo. Así pues, con el beneficio de su comparecencia, resolvemos.

-I-

El pleito ante nuestra consideración se originó cuando el señor Figueroa presentó una *Apelación y Solicitud de Remedios Provisionales* contra la CFSE, para impugnar el recobro de $7,743.70, que se le descontó de su compensación final, tras acogerse al retiro.[2]

Surge del expediente, que la recurrida le pagó al señor Figueroa dicha cantidad, después de determinar que procedía la concesión de los pasos por mérito que solicitó en el año 1998.[3] La decisión de conceder los pasos por mérito se notificó al recurrente el 17 de marzo de 2000.[4]

Sin embargo, el 13 de noviembre de 2007, la CFSE informó al recurrente que había errado al concederle los pasos por mérito. Ante ello, le informó que procedía el cobro del dinero pagado indebidamente.[5] Indicó, además, que el error ocurrió "al computar los años de servicio como empleado regular en la

---

[2] Apéndice del recurrente, págs. 1-6.
[3] *Id.*, pág. 1.
[4] *Id.*
[5] Copia certificada del expediente administrativo, pág. 6.

Corporación."[6] Explicó que, al momento de concederse los pasos por mérito, el recurrente había cumplido un año como empleado regular, "por lo que tenía que esperar a tener tres (3) años para poder solicitar su primer Paso por Mérito."[7]

En desacuerdo, el señor Figueroa señaló que la determinación de la CFSE era incorrecta, pues cumplía con los requisitos según determinados por el *Sistema de Evaluación y Motivación para la Concesión de Pasos por Mérito del Personal Gerencial de Carrera*.

En la alternativa, alegó que se trataba de un error en la interpretación de su Reglamento, por lo que la recurrida estaba impedida de recobrar lo pagado al señor Figueroa. Adujo, también, que la equivocación de la CFSE consistió en acreditar el tiempo probatorio trabajado por el recurrente como parte de la fórmula para conceder los pasos por mérito. Empero, asegura que ese tiempo no desaparece y se debe considerar.

En respuesta a su contención, la CFSE rechazó la mayoría de las alegaciones del señor Figueroa.[8] No obstante, levantó como defensa afirmativa, entre otras, que la acción de recobro estaba predicada en un error de hecho.[9]

Después de varios trámites procesales, el recurrente sometió una *Solicitud de Resolución Sumaria,* por entender que no existían controversias de hechos medulares y que lo que procedía era que se dictara una resolución sumaria a su favor.[10] Para

---

[6] *Id.*
[7] *Id.*
[8] Apéndice del recurrente, págs. 7-8.
[9] *Id.*
[10] *Id.*, págs. 24-50.

fundamentar su posición, el señor Figueroa sostuvo que la CFSE violentó las disposiciones del Reglamento de Personal de 1999, al no acreditarle el periodo que trabajó como empleado transitorio. Aseguró que, según el Artículo 12.3, inciso 10, del referido Reglamento, este era un empleado regular de carrera al momento de presentar su solicitud de pasos por mérito en enero de 1998.[11] Entiende que, para esa fecha, estaba próximo a cumplir los tres años de servicio que requiere el reglamento para solicitar el aumento.

Adujo también, entre otras alegaciones, que la retención de los $7,743.70 violentó su derecho a un debido proceso de ley, pues ese dinero era parte de su salario.[12] Sobre este asunto, afirmó que la actuación de la CFSE lo privó de su derecho propietario al no concederle una vista informal previo al descuento de la suma en pugna.[13]

Por otro lado, indicó que la recurrida no podía recobrar los salarios pagados de manera retroactiva, puesto que ya habían transcurrido más de tres años desde que pagó el aumento. Por ende, la acción estaba prescrita o, en todo caso, le podía aplicar la doctrina de incuria.[14]

Por último, el recurrente señaló que el error cometido por la CFSE no se trataba de un "error humano", sino de derecho.[15] En su opinión, este consistió en la interpretación que hizo un funcionario de la recurrida del Reglamento de Personal de la CFSE,

---

[11] *Id.*, pág.38.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*, pág.39.

para luego determinar que el periodo transitorio debía ser incluido en el cómputo. Adujo que este hecho impide a la CFSE recobrar lo pagado indebidamente.[16]

Finalmente, arguyó que, de ser cierto que el nombramiento transitorio no se debía incluir, correspondía entonces mover los pasos otorgados al señor Figueroa al próximo año elegible de este y no eliminarlos.[17] En consecuencia, solicitó que se declarara con lugar la apelación presentada y se determinara que tanto el ajuste al salario del apelante como la retención realizada fue ilegal, por lo que procedía la devolución de los $7,743.70, más penalidades y honorarios de abogado.[18]

En respuesta, la CFSE presentó su oposición a la petición sumaria.[19] Arguyó que no procedía la solicitud del señor Figueroa, toda vez que los pasos por mérito concedidos fueron consecuencia de un error de cálculo. Por consiguiente, el aumento otorgado constituyó un error de hecho sujeto a recobrarse.[20]

Expuso, además, que tanto lo dispuesto en el Reglamento de Pasos por Mérito, como lo establecido en la Estipulación de 1996, no dejan lugar a dudas en cuanto a los requisitos para adjudicar el aumento.[21] Ambos cuerpos de normas requieren que el trabajador posea tres años o más de servicio como empleado regular de carrera en la CFSE. Sobre este particular, la recurrida argumentó que a la fecha de la solicitud del señor Figueroa, este no cumplía con el criterio

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*, págs. 59-96.
[20] *Id.*, pág. 59.
[21] *Id.*, págs. 70-71.

establecido. Sostuvo que el recurrente debió esperar hasta enero de 2000, para solicitar los pasos por mérito.[22]

La recurrida también afirmó que al señor Figueroa no le ampara la protección constitucional del debido proceso de ley.[23] Ello así, debido a que los pasos por mérito fueron obtenidos de forma ilegal, en cuyo caso, no era necesaria la celebración de una vista informal previa para proceder con su recobro.[24] En su opinión, la concesión de los pasos por mérito respondió a un error administrativo que no generó un estado de derecho a favor del recurrente, ni le concedió un interés propietario sobre el aumento de salario.[25]

Por último, la CFSE adujo que tampoco procede la aplicación de la doctrina de incuria, ya que "la acción para decretar la inexistencia de un acto nulo nunca prescribe […]."[26]

Examinados los escritos de las partes, la Junta consignó las siguientes determinaciones de hecho:

1. El 3 de febrero de 1995, el apelante fue nombrado en un puesto de Supervisor de Limpieza con carácter transitorio en la División de Servicios Administrativos.

2. Efectivo el 1 de septiembre de 1996, el apelante fue nombrado para ocupar el puesto de Supervisor de Limpieza con carácter de empleado regular. El tiempo que trabajó con carácter transitorio en dicho puesto se le consideró como equivalente al periodo probatorio.

3. El 10 de enero de 1997, el apelante presentó una Solicitud de pasos por mérito de acuerdo con su desempeño durante el año 1996.

4. Dicha solicitud fue denegada por no poseer aún los tres (3) años de servicio como empleado regular de carrera en la CFSE al momento de radicar la solicitud.

---

[22] *Id.*, pág. 72.
[23] *Id.*, pág. 76.
[24] *Id.*
[25] *Id.*
[26] *Id.*, págs. 77-78.

5. El 9 de enero de 1998, recibida el 26 del mismo mes, el señor Figueroa Nieves presentó nuevamente una Solicitud de pasos por mérito de acuerdo con su desempeño durante el año 1997.

6. El 17 de marzo de 2000, se le notificó al apelante que era merecedor de dos (2) pasos por méritos.

7. Con relación a lo anterior, se le concedió al señor Figueroa Nieves un aumento de sueldo de $134.00 que sería efectivo al 9 de enero de 1998.

8. El 13 de noviembre de 2007 se le notificó al apelante que procedía el recobro de los pagos que la CFSE le desembolsó indebidamente, con efectividad al 11 de enero de 1998, ya que se incurrió en un error al computar los años de servicio como empleado regular de carrera en la corporación. Consecuentemente, se le canceló el aumento de sueldo con efectividad al 9 de enero de 1998.

9. Como resultado de la cancelación antes mencionada, al apelante se le retuvo la cantidad de $7,743.70.

10. El 16 de enero de 2015, el señor Figueroa Nieves se acogió al beneficio de pensión por razón de edad y años de servicio.[27]

Luego de considerar que no existía controversia alguna sobre los hechos medulares del pleito, la CFSE resolvió lo siguiente:

Surge del expediente ante nuestra consideración que el apelante comenzó a laborar en la CFSE el **3 de febrero de 1995 como empleado transitorio** en la *Clase* de Supervisor de Limpieza. Su estatus de transitorio se mantuvo inalterado hasta el **1 de septiembre de 1996 cuando fue nombrado empleado regular** al puesto 3614 la Clase de Supervisor de Limpieza.

Del Reglamento de *Sistema de Evaluación y Motivación para la concesión de pasos por méritos al personal gerencial* del 1996, surge con meridiana claridad que los empleados gerenciales regulares de carrera podrán solicitar la concesión de su primer paso por mérito a partir del 1 de enero de 1997, **siempre y cuando a esa fecha, posean tres (3) años o más de servicio como empleado regular** en la CFSE…

[Por consiguiente,] tanto la *Estipulación* y el *Reglamento de Personal* pertinente son claros al establecer como requisito mínimo para solicitar un paso por mérito el hecho de que el empleado gerencial haya laborado como empleado regular de carrera por tres (3) años. Surge del expediente que el señor Figueroa Nieves **adquirió estatus de empleado regular el 1 de septiembre de 1996**. El 9 de enero del 1998 fue la fecha en la que el apelante solicitó el paso por mérito que se encuentra en controversia, es decir, **un (1) año y cuatro (4) meses luego de haber adquirido la permanencia y el estatus de empleado regular.** Como vemos, el apelante incumplió patentemente con lo establecido tanto en la *Estipulación* del 1996 y en el *Reglamento de personal*, pues dichos documentos son claros al requerir tres (3) años como empleado regular.

---

[27] *Id.*, pág. 99.

[…]

No existe duda de que el error en el cálculo fue atribuible exclusivamente al personal humano que contabilizó el periodo pertinente al paso por mérito solicitado. Es decir, el error en el que aquí se incurrió equivale a una confusión o equivocación administrativa, por lo que es forzoso colegir que nos encontramos ante un error de hecho que permite perfectamente el recobro de lo mal pagado…

Las disposiciones que sobre dicha figura (error de hecho) contiene el Código Civil aplicable, nada indican sobre un término especial prescriptivo para ejercitarla. Por lo tanto, la acción civil de cobro del pago de lo indebido es una acción personal, que no tiene término prescriptivo específico dispuesto en ley. No obstante, el Artículo 1864 del Código Civil, establece que las acciones personales que no tengan señalado un término especial de prescripción, prescribirán a los quince (15) años. Desde el momento en que se comenzó con la investigación sobre los posibles errores en los pagos hasta que finalmente se concluyó, transcurrieron cerca de dos (2) años debido al volumen de casos que había que evaluar. La CFSE actuó dentro del término provisto y fue totalmente diligente y proactiva desde el momento mismo en que advino en conocimiento de los posibles errores y no incurrió en dilaciones excesivas y mucho menos intencionales o injustificadas.[28]

Por tanto, la Junta declaró No ha lugar la *Solicitud de Sentencia Sumaria* y, consecuentemente, ordenó la desestimación de la apelación.[29]

En desacuerdo, el recurrente presentó una *Solicitud de Reconsideración*[30] que la Junta la declaró No Ha Lugar[31].

Aún inconforme, el señor Figueroa acudió ante este tribunal intermedio mediante el recurso de epígrafe, en el que señaló la comisión de los siguientes errores:

ERRÓ LA JUNTA DE APELACIONES AL ENTENDER QUE LA CFSE INCURRIÓ EN UN ERROR DE HECHO Y NO UNO DE DERECHO QUE IMPOSIBILITA LA ACCIÓN DE RECOBRO POR PARTE DE ESTA.

ERRÓ LA JUNTA DE APELACIONES AL DETERMINAR QUE EL TÉRMINO PRESCRIPTIVO APLICABLE A LA ACCIÓN DE RECOBRO POR PARTE DE LA CFSE ES DE QUINCE AÑOS.

ERRÓ LA JUNTA DE APELACIONES AL REALIZAR DETERMINACIONES DE HECHOS Y/O CONCLUSIONES DE DERECHO QUE NO SE SUSTENTAN CON LA PRUEBA PRESENTADA.

---

[28] *Id.*, págs. 104-106. (Énfasis en el original).
[29] *Id.*, pág. 106.
[30] *Id.*, págs. 108-111.
[31] *Id.*, págs. 112-113.

ERRÓ LA JUNTA DE APELACIONES AL DESESTIMAR LA APELACIÓN SIN QUE SE HAYA DEMOSTRADO LA PROCEDENCIA DE LA DEUDA Y LA CORRECCIÓN DE LA CUANTÍA RETENIDA Y SIN ORDENAR QUE LA CFSE DEVUELVA EL DINERO RETENIDO AL RECURRENTE.

## -II-

### A.

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[32] A esos efectos, la revisión judicial comprende tres aspectos, a saber: 1) la concesión del remedio apropiado; 2) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y 3) la revisión en todos sus aspectos de las conclusiones de derecho del organismo administrativo.[33]

Esto es, la intervención judicial debe circunscribirse a determinar si el remedio concedido fue apropiado, si las determinaciones de hechos están razonablemente sostenidas por la prueba y si las conclusiones de derecho del organismo administrativo son correctas.[34] Además, el tribunal debe determinar si la agencia, en el caso particular, actuó arbitraria o ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción.[35]

[32] *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 391 (2018); *Rodríguez Ocasio et al. v. ACAA*, 197 DPR 852, 860 (2017); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. ARPe*, 172 DPR 254, 264 (2007).
[33] *Rodríguez Ocasio et al. v. ACAA, supra,* págs. 860-861; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012); *Padín Medina v. Adm. Sist. Retiro*, 171 DPR 950, 960 (2007).
[34] *García Fantauzzi v. Dir. Adm. Trib.*, 182 DPR 560, 566-567 (2011); *Ramos Román v. Corp. Centro Bellas Artes*, 178 DPR 867, 883 (2010); *Rivera v. A & C Development Corp.*, 144 DPR 450, 460-461 (1997).
[35] *Batista, Nobbe v. Jta. Directores, supra,* pág. 216; *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe*, 152 DPR 116, 122 (2000).

Ahora bien, es una norma firmemente establecida que las decisiones de los organismos administrativos gozan de deferencia por los tribunales y se presumen correctas.[36] Por ello, al revisar las determinaciones de las agencias administrativas, los tribunales tienen gran deferencia en virtud de la experiencia en la materia y pericia de estos organismos.[37] Por tal razón, la revisión judicial es limitada.[38]

No obstante, la deferencia judicial cede ante las siguientes circunstancias: cuando la decisión no está basada en evidencia sustancial; cuando el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; cuando ha mediado una actuación arbitraria, irrazonable o ilegal; o cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[39]

Por otro lado, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo considerado en su totalidad.[40] La evidencia sustancial es aquella evidencia pertinente que "una mente razonable podría aceptar como adecuada para sostener una conclusión."[41] Dicho análisis requiere que la evidencia sea considerada en su

---

[36] *Borschow Hosp. v. Jta. de Planificación,* 177 DPR 545, 566 (2009); *Martínez v. Rosado*, 165 DPR 582, 589 (2005).
[37] *Misión Ind. PR v. JCA*, 145 DPR 908, 929 (1998).
[38] *Id.*
[39] *Otero v. Toyota*, 163 DPR 716, 729 (2005); *PCME v. JCA*, 166 DPR 599, 617 (2005).
[40] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Sec. 4.5, Ley Núm. 38-2017 (3 LPRA sec. 9675); *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).
[41] *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, supra.

totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido.[42] Ello implica que de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia.[43]

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, sin poder descansar en meras alegaciones.[44] Para ello deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración.[45] Si la parte afectada no satisface dicho parámetro, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo.[46]

**B.**

La Sección 3.7 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*[47] autoriza a las agencias administrativas a emitir resoluciones sumarias cuando concluyan que no es necesario celebrar una vista adjudicativa. El proceso de adjudicación sumaria a nivel administrativo

---

[42] *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425, 437 (1997).
[43] *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686-687 (1953).
[44] *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).
[45] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).
[46] *Otero v. Toyota*, *supra*, pág. 728.
[47] Ley Núm. 38-2017 (3 LPRA sec. 9647).

requiere del análisis de los documentos que obren en el expediente, los anejados a la moción del promovente y aquellos que haya sometido el promovido.[48]

No obstante, la agencia no podrá dictar órdenes o resoluciones sumarias cuando: (1) existan hechos materiales o esenciales controvertidos; (2) haya alegaciones afirmativas en la querella que no han sido refutadas; (3) surja, de los propios documentos que se acompañan con la petición, una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no proceda.[49]

### C.

El Artículo 1795 del Código Civil de 1930, vigente al momento de los hechos, regula la figura del cobro de lo indebido. Específicamente dispone que "[c]uando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla".[50]

En nuestro ordenamiento jurídico se había reconocido como norma que el error que da origen al cuasicontrato de cobro de lo indebido es el error de hecho; no el de derecho.[51] Sin embargo, nunca se había definido ambas clases de errores.

Así pues, en *Sepúlveda v. Departamento de Salud*, *supra*, el TSPR se dio a la tarea de definir ambos tipos de error. De modo, que el "error de derecho se ha conocido tradicionalmente como aquel en el que incurre quien actúa sin ajustarse a lo dispuesto por

---

[48] *Id.*
[49] *Id.*
[50] Código Civil de Puerto Rico, Artículo 1795 (31 LPRA sec. 5121) (derogado).
[51] *American R.R. Co of PR v. Wal Ross,* 22 DPR 281, 288 (1915), según citado en *Sepúlveda v. Departamento de Salud*, 195 DPR 560, 567 (1998).

una norma jurídica vigente".[52]  Por tal razón, "…comete error de derecho quien realiza un pago bajo la creencia de que el mismo le es exigible en derecho, bien por desconocimiento de la norma que lo descarga del pago, bien por una interpretación errónea del derecho aplicable".[53]

En cambio, el error de hecho "…se refiere a quien obra a base de unos hechos que no son los verdaderos…".[54]  Es decir, se comete error de hecho, "cuando, aún conociendo los hechos verdaderos, se produce una equivocación meramente formal o de trámite, es decir, cuando se comete lo que popularmente se ha denominado un "error humano".[55]

Bajo dicho esquema normativo, "[l]a prueba del pago incumbe al que pretende haberlo hecho.  También corre a su cargo la del error con que lo realizó…".[56]

Finalmente, "[s]e presume que hubo error en el pago cuando se entregó cosa que nunca se debió o que ya estaba pagada; pero aquel a quien se pida la devolución puede probar que la entrega se hizo a título de liberalidad o por otra causa justa".[57]

Posteriormente, en *ELA v. Crespo Torres* 180 DPR 776 (2011), el TSPR revocó a *Sepúlveda v. Departamento de Salud, supra,* y adoptó "la corriente doctrinal más moderna",[58] consistente en reconocer "que el derecho de repetición es procedente tanto si el error es de hecho como de derecho (es decir, tanto si recae sobre un

---

[52] *Id.*
[53] *Id.,* pág. 568.
[54] *Id.*
[55] *Id.*
[56] *Id.* (Énfasis en el original).
[57] *Id.* pág. 569. (Énfasis en el original).
[58] *ELA v. Crespo Torres, supra,* pág. 795.

acontecimiento como sobre una disposición legal).[59] En otras palabras, "…el derecho de repetición es procedente tanto si el error es de hecho como de derecho".[60]

**D.**

Finalmente, el TSPR ha enfatizado que, como regla general, "un error administrativo no crea un estado de derecho que obligue a la agencia ni impida su corrección".[61] No obstante, dicha doctrina no aplica de forma automática al ser invocada; al contrario, solo tiene vigencia cuando la agencia actúa de forma incorrecta, ilegal, o ultra vires.[62] De modo, que una parte no puede amparar una reclamación sobre el fundamento de una acción administrativa incorrecta o ilegal.[63] Es decir, la doctrina de error administrativo aplica solo en los casos en que la agencia ha procedido de forma contraria a nuestro ordenamiento jurídico.[64]

**-III-**

Para el recurrente, el error en cuestión es el resultado de una interpretación incorrecta del Artículo 12.3(10) del Reglamento de Personal. En consecuencia, es un error de derecho que, conforme al estado de derecho vigente al momento de surgir la controversia, no da paso al cobro de lo indebido.

En todo caso, de tratarse de un error humano, "atribuible al personal que contabilizó el periodo

---

[59] *Id.*, pág. 796.
[60] *Id.*
[61] *Gonzalez v. ELA*, 167 DPR 400, 413 (2006); *Magriz v. Empresas Nativas* 143 DPR 63, 71 (1997); *Santiago v. Depto. de la Familia*, 153 DPR 208, 218 (2001).
[62] *Rivera Padilla et al. v. OAT*, 189 DPR 315, 345 (2013).
[63] *Del Rey v. JACL*, 107 DPR 348, 355-356 (1978).
[64] *Rivera Padilla et al. v. OAT*, *supra.*

pertinente al paso por mérito", la controversia no podía resolverse sumariamente. Por el contrario, requería presentar prueba sobre cómo se realizó el cálculo y por qué se reconocieron originalmente los pasos por méritos.

Además, el señor Figueroa arguye que, de tratarse de un error de derecho, no procede el recobro de las cantidades reclamadas. Esto es así, porque como la equivocación afecta "una reclamación de salario a la inversa y no una acción de personal", el término prescriptivo es de 3 años y, en consecuencia, la reclamación estaría prescrita.

Finalmente, el recurrente sostiene, que como la medida implantada afectaba su salario, no se podía efectuar la reducción sin antes garantizarle el debido proceso de ley, es decir, sin que se hubiese celebrado previamente una vista informal.

En tanto, la recurrida sostiene que no cometió ningún error de derecho como alega el señor Figueroa, por lo que no incidió al solicitar el cobro de lo pagado indebidamente. Aduce que la norma que gobierna la controversia de autos establece que un error de cálculo o trámite permite el recobro de lo pagado ilícitamente.

A su vez, asegura que el reclamo del recurrente no encuentra apoyo en los documentos pertinentes al asunto en pugna,[65] pues en estos se establece que al señor Figueroa no le correspondía el aumento concedido por no cumplir con el término de tres años como

---

[65] Estipulación de 1996, firmada entre la CFSE y la Asociación de Empleados Gerenciales de la CFSE, y el Reglamento del Sistema de Evaluación y Motivación de Recursos Humanos, Pasos por Mérito, Personal Gerencial de Carrera.

empleado regular.[66] Agregó que, aun si se tomara en consideración el tiempo que cumplió como empleado transitorio, tampoco tenía derecho al aumento otorgado, ya que a la fecha de la petición aún le faltaba un mes para cumplir los tres años requeridos. Señaló que el señor Figueroa solamente tenía un año y cuatro meses como empleado regular cuando presentó su petición.

En cuanto a las alegaciones de que la acción está prescrita, la CFSE arguye que para el cobro de los pagos desembolsados indebidamente no existe un término especial de prescripción. Por consiguiente, le aplica el término de 15 años según se ha establecido por el ordenamiento civil. Afirma que desde que la CFSE descubrió el error actuó con diligencia dentro del término prescrito.

Además, la CFSE afirma que su *Oposición a Solicitud de Resolución Sumaria* contenía todos los anejos que sustentan las gestiones que hizo la agencia cuando advino en conocimiento de lo pagado indebidamente al señor Figueroa. Por ello, aduce que la alegación de que la Junta no contó con prueba suficiente que demostrara que no incurrió en incuria, no se sostiene.

Por último, la recurrida afirma que un error administrativo no crea un estado de derecho a favor del recurrente, ni le concede un interés propietario sobre el aumento. Bajo este supuesto, la CFSE sostiene que no era necesaria una vista informal, pues al recurrido no le amparaban las protecciones

---

[66] Alegato del recurrido.

constitucionales de un debido proceso de ley. Fundamenta su alegación en que la concesión errónea de los pasos por mérito nunca tuvo eficacia jurídica. Esto es así, debido a que lo inexistente nunca puede ser convalidado.

Para efectos del resultado alcanzado, discutiremos los señalamientos de error integradamente.

Examinadas las alegaciones de las partes junto a la totalidad del expediente, no albergamos duda de que la determinación impugnada se encuentra sustentada en la prueba contenida en autos. Veamos.

Como bien expuso la recurrida en su *Resolución Sumaria*, el señor Figueroa comenzó a trabajar en la CFSE el 3 de febrero de 1995, como Supervisor de Limpieza **con carácter transitorio** en la División de Servicios Administrativos de la Región de Bayamón.[67] Sin embargo, no fue hasta el 1 de septiembre de 1996, que este obtuvo un puesto de carácter regular.[68] Es decir, a la fecha en que solicitó el primer aumento salarial por pasos por mérito apenas tenía cuatro meses en su puesto como empleado regular.[69]

Después de que la CFSE denegara su solicitud porque no cumplía con el requisito de "[p]oseer tres (3) años de servicio como empleado regular de carrera en la [CFSE] al momento de radicar la solicitud,"[70] el 26 de enero de 1998, el recurrente presentó una nueva petición de pasos por mérito. En aquella ocasión, este contaba con un año y cuatro meses como empleado

---

[67] Copia certificad del expediente administrativa, pág. 129.
[68] *Id.*, pág. 131.
[69] *Id.*, pág. 133.
[70] *Id.*, pág. 135.

regular. A pesar de que el señor Figueroa no cumplía con el requisito que exige la Estipulación de 1996[71] y el Sistema de Evaluación y Motivación de Recursos Humanos,[72] el 17 de marzo de 2000, la CFSE le otorgó dos pasos por mérito.[73]

Tras advertir el error, el 13 de noviembre de 2007 la CFSE le notificó al señor Figueroa que el aumento de $134.00,[74] concedido en el 2000, fue autorizado indebidamente.[75] Esto, debido a "un error al computar los años de servicio como empleado regular en la Corporación".[76]

La recurrida también informó que el error consistió en considerar, para efectos de computar el tiempo trabajado como empleado regular, la fecha en que el recurrente comenzó en el cargo transitorio "y no la fecha del nombramiento como empleado regular [...], por lo que tenía que esperar a tener tres (3) años para poder solicitar su primer Paso por Mérito".[77]

Sobre estos hechos materiales no existe disputa, por lo que procede determinar si la recurrida aplicó correctamente la norma que gobierna la controversia ante nuestra consideración.[78]

Resulta claro reconocer que el error cometido por la CFSE fue uno de hecho y no de derecho como sugiere el recurrente. La interpretación que hace la parte recurrida es correcta en derecho, pues lo pagado al recurrente se hizo bajo la premisa equivocada de que

---

[71] Apéndice del recurrente, pág. 80.
[72] *Id.*, pág. 51.
[73] Copia Certificada del Expediente Administrativo, pág. 139.
[74] *Id.*, pág. 141.
[75] *Id.*, pág. 143.
[76] *Id.*
[77] *Id.*
[78] *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100 (2015).

correspondía el aumento concedido. Ello, a pesar de que no existía tal obligación jurídica debido a que el señor Figueroa incumplió con el requisito de contar con tres años como empleado regular, que requiere tanto la Estipulación de 1996 como el Sistema de Evaluación y Motivación de Recursos Humanos.[79] Por consiguiente, la CFSE pagó al recurrente el aumento solicitado bajo la creencia de que a este le correspondía los dos pasos por mérito, concedidos por un funcionario que hizo un cómputo errado de los años de servicio que tenía como empleado regular.[80]

En consecuencia, lo pagado indebidamente no puede considerarse un error de derecho, sino un error de trámite o de hecho,[81] que no genera derechos que activen la protección del debido proceso de ley y en cambio, "da lugar a la obligación de restituir".[82]

De lo anterior podemos concluir, que la resolución recurrida está basada en prueba que obra en el expediente. Además, la interpretación que la CFSE hace del Reglamento de Pasos por Méritos y de la Estipulación de 1996, nos parece razonable, por lo cual, no encontramos fundamento alguno para ejercer nuestra función revisora.

Conviene añadir, que también nos parece razonable la interpretación de la recurrida sobre el término de prescripción aplicable. Como la reclamación de cobro de lo indebido no tiene un término prescriptivo específico, el Art. 1864 del Código Civil, vigente al

---

[79] *ELA v. Crespo Torres*, *supra*.
[80] *Id*.
[81] *Sepúlveda v. Depto. de Salud*, *supra*, pág. 574.
[82] Art. 1795 del Código Civil de 1930, *supra*; *ELA v. Crespo Torres*, *supra*, pág. 794; *González v. ELA*, *supra*.

momento de los hechos, subsana esa omisión reconociéndole a esta clase de obligación un término prescriptivo de 15 años.

Abona a la razonabilidad de la interpretación de la CFSE, que el TSPR ha reconocido la idoneidad de dicho término en casos, como el presente, en el que se reclama el reembolso de fondos públicos.

Por otro lado, la recurrida no incurrió en incuria. Luego de examinar el expediente entendemos que actuó con razonable diligencia, teniendo en cuenta la multiplicidad de reclamaciones, de empleados afectados y la dificultad de determinar la naturaleza del error en cada caso.

Para terminar, si aun tuviéramos duda sobre la aplicación de los conceptos de error de hecho y error de derecho, de lo que sí estamos convencidos es de que al señor Figueroa se le concedieron dos pasos por méritos por error. Esto es suficiente para no concederle remedio alguno, porque en el ámbito del derecho administrativo el error carece de eficacia jurídica.

**-IV-**

Por los fundamentos previamente expuestos, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones